1  Sean G. Erenstoft, Esq.
   Law Office of Sean G. Erenstoft (SBN 161898)
2  12100 Wilshire Blvd., Ste. 1100
   Los Angeles, CA 90025
3  Phone (310) 442-2220
   Fax (310) 207-0340
4  Sean@Erenstoft.com

5  LOUIS P. DELL, ESQ. (SBN 164830)
   LAW OFFICE OF LOUIS P. DELL
6  11150 West Olympic Blvd., Suite 1120
   Los Angeles, CA 90064
7  Office: 310-914-7400
   Fax: 310-914-7435
8  louis.p.dell@att.net

9
   Attorneys for Plaintiff, Stephen C. Leal
10

11

12              UNITED STATES DISTRICT COURT

13   NORTHERN DISTRICT OF CALIFORNIA; SAN JOSE DIVISION

14

15
   STEPHEN C. LEAL,                    )   CASE NO. CV 05-00959 JW
16                                      )
                  Plaintiff,            )
17        vs.                           )   **STIPULATION AND ORDER**
                                        )   **GRANTING LEAVE TO FILE A FIRST**
18                                      )   **AMENDED COMPLAINT**
   OFFICER K. SIEGEL, an individual;    )
19   SAN JOSE POLICE DEPARTMENT;        )
   CITY OF SAN JOSE; SANTA CLARA        )
20   COUNTY DEPARTMENT OF               )
   CORRECTIONS;                         )
21   OFFICER ZOMPOLIS (#1635), an       )
   individual formerly named as DOE 1, )
22   OFFICER DURAN (#2520), and         )
   individual formerly named as DOE 2, )
23   OFFICER VILLAGOMEZ (#2632), an     )
   individual formerly named as DOE 3, )
24   SGT. D. WOODS (#1804), an individual)
   formerly named as DOE 4,            )
25   AND DOES 5 through 10, inclusive,  )
                  Defendant(s).
26   _____

27

28

1    The parties, through their respective counsel, hereby stipulate that an order may

2    be entered permitting the plaintiff, Stephen Leal, to file a First Amended Complaint, a

3    copy of which is attached hereto as Exhibit A.

4

5

6    Dated:  April 24, 2006                    LAW OFFICES OF SEAN G. ERENSTOFT

7

8

9    _____        Sean G. Erenstoft, Esq.
                                         Attorney for Plaintiff,
10                                       STEPHEN LEAL

11

12   Dated:  April 24, 2006                    LAW OFFICE OF LOUIS P. DELL

13

14

15   _____        Louis P. Dell, Esq.
                                         Attorney for Plaintiff,
16                                       STEPHEN LEAL

17

18

19

20

21

22

23

24

25

26

27

28

1    The parties, through their respective counsel, hereby stipulate that an order may

2    be entered permitting the plaintiff, Stephen Leal, to file a First Amended Complaint, a

3    copy of which is attached hereto as Exhibit A.

4

5

6    Dated:  April 24, 2006              LAW OFFICES OF SEAN G. ERENSTOFT

7

8

9    _____         Sean G. Erenstoft, Esq.
                                         Attorney for Plaintiff,
10                                        STEPHEN LEAL

11

12   Dated:  April 24, 2006              LAW OFFICE OF LOUIS P. DELL

13

14

15   _____         Louis P. Dell, Esq.
                                         Attorney for Plaintiff,
16                                        STEPHEN LEAL

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  April 24, 2006                OFFICE OF THE CITY ATTORNEY OF SAN
                                      JOSE


_____      CLIFFORD GREENBERG
                                      Senior Deputy City Attorney,
                                      CITY OF SAN JOSE and OFFICER K. SIEGEL

Dated:  April 24, 2006                OFFICE OF THE COUNTY COUNSEL OF
                                      SANTA CLARA


_____      MICHAEL ROSSI
                                      Deputy County Counsel,
                                      COUNTY OF SANTA CLARA DEPARTMENT
                                      OF CORRECTION


## **ORDER**

IT IS HEREBY ORDERED that plaintiff shall be entitled to file a First Amended

Complaint, a copy of which is attached hereto as Exhibit A.

IT IS FURTHER ORDERED that the defendants CITY OF SAN JOSE and

OFFICER K. SIEGEL COUNTY OF SANTA CLARA DEPARTMENT OF CORRECTION

shall have 20-days in which to file and serve their response to the amended complaint.

**IT IS SO ORDERED:**

Dated: April 26, 2006


_____
                                      UNITED STATES DISTRICT JUDGE

Dated:  April 24, 2006              OFFICE OF THE CITY ATTORNEY OF SAN
                                    JOSE


_____     CLIFFORD GREENBERG
                                    Senior Deputy City Attorney,
                                    CITY OF SAN JOSE and OFFICER K. SIEGEL

Dated:  April 24, 2006              OFFICE OF THE COUNTY COUNSEL OF
                                    SANTA CLARA

_____     MICHAEL ROSSI
                                    Deputy County Counsel,
                                    COUNTY OF SANTA CLARA DEPARTMENT
                                    OF CORRECTION


## ORDER

IT IS HEREBY ORDERED that plaintiff shall be entitled to file a First Amended

Complaint, a copy of which is attached hereto as Exhibit A.

IT IS FURTHER ORDERED that the defendants CITY OF SAN JOSE and

OFFICER K. SIEGEL COUNTY OF SANTA CLARA DEPARTMENT OF CORRECTION

shall have 20-days in which to file and serve their response to the amended complaint.


**IT IS SO ORDERED:**

Dated:


_____     UNITED STATES DISTRICT JUDGE

1    The parties, through their respective counsel, hereby stipulate that an order may

2    be entered permitting the plaintiff, Stephen Leal, to file a First Amended Complaint, a

3    copy of which is attached hereto as Exhibit A.

4

5

6    Dated:  April 24, 2006          LAW OFFICES OF SEAN G. ERENSTOFT

7

8

9    _____     Sean G. Erenstoft, Esq.
                                         Attorney for Plaintiff,
10                                       STEPHEN LEAL

11

12   Dated:  April 24, 2006          LAW OFFICE OF LOUIS P. DELL

13

14

15   _____     Louis P. Dell, Esq.
                                         Attorney for Plaintiff,
16                                       STEPHEN LEAL

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3
Dated:  April 24, 2006                    OFFICE OF THE CITY ATTORNEY OF SAN
                                          JOSE
4

5

6
_____          CLIFFORD GREENBERG
                                          Senior Deputy City Attorney,
7                                         CITY OF SAN JOSE and OFFICER K. SIEGEL

8
Dated:  April 24, 2006                    OFFICE OF THE COUNTY COUNSEL OF
9                                         SANTA CLARA

10

11
_____  MICHAEL ROSSI
12                                        Deputy County Counsel,
                                          COUNTY OF SANTA CLARA DEPARTMENT
13                                        OF CORRECTION

14

15

16                                    **ORDER**

17          IT IS HEREBY ORDERED that plaintiff shall be entitled to file a First Amended

18   Complaint, a copy of which is attached hereto as Exhibit A.

19          IT IS FURTHER ORDERED that the defendants CITY OF SAN JOSE and

20   OFFICER K. SIEGEL COUNTY OF SANTA CLARA DEPARTMENT OF CORRECTION

21   shall have 20-days in which to file and serve their response to the amended complaint.

22

23   **IT IS SO ORDERED:**

24   Dated:

25

26   _____
                                          UNITED STATES DISTRICT JUDGE
27

28

# Exhibit A

1   Sean G. Erenstoft, Esq.
    Law Office of Sean G. Erenstoft (SBN 161898)
2   12100 Wilshire Blvd., Ste. 1100
    Los Angeles, CA 90025
3   Phone (310) 442-2220
    Fax (310) 207-0340
4   Sean@Erenstoft.com

5   LOUIS P. DELL, ESQ. (SBN 164830)
    LAW OFFICE OF LOUIS P. DELL
6   11150 West Olympic Blvd., Suite 1120
    Los Angeles, CA 90064
7   Office: 310-914-7400
    Fax: 310-914-7435
8   louis.p.dell@att.net

9
    Attorneys for Plaintiff, Stephen C. Leal
10

11

12              UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA; SAN JOSE DIVISION

14

15
    STEPHEN C. LEAL,                     )   CASE NO. CV 05-00959 JW
16                                       )
                    Plaintiff,           )
17          vs.                          )   FIRST AMENDED COMPLAINT FOR
                                         )   DAMAGES AND DEMAND FOR JURY
18                                       )   TRIAL
    OFFICER K. SIEGEL, an individual;    )
19  SAN JOSE POLICE DEPARTMENT;          )
    CITY OF SAN JOSE; SANTA CLARA        )
20  COUNTY DEPARTMENT OF                 )
    CORRECTIONS;                         )
21  OFFICER ZOMPOLIS (#1635), an         )
    individual formerly named as DOE 1,  )
22  OFFICER DURAN (#2520), and           )
    individual formerly named as DOE 2,  )
23  OFFICER VILLAGOMEZ (#2632), an       )
    individual formerly named as DOE 3,  )
24  SGT. D. WOODS (#1804), an individual )
    formerly named as DOE 5,             )
25  AND DOES 5 through 10, inclusive,    )
                    Defendant(s).        )
26  _____

27

28

1

*Introduction*

2  The plaintiff, Stephen C. Leal, alleges and states:

3        1.      This action is filed for money damages brought pursuant to Title 42 of the

4  United States Code, Sections 1983 and 1988 and the Fourth and Fourteenth

5  Amendments to the Constitution of the United States, the Constitution and Statutes of

6  California and the common law of the State of California against the San Jose Police

7  Department, the City of San Jose, and the California Department of Corrections and the

8  several police officers that made contact with Plaintiff during the relevant times

9  discussed herein.  Jurisdiction is founded upon Title 28 of the United States Code,

10 Sections 1331, 1343(a)(3), and 1391(b) and the above-mentioned statutory and

11 constitutional provisions, and the pendent jurisdiction of this court to entertain claims

12 arising under state law.

13       2.      Stephen Leal alleges that the individual defendant police officers made an

14 unreasonable seizure of the person of Stephen Leal, violating his rights under the

15 Fourth and Fourteenth Amendments to the United States Constitution, and that these

16 defendants assaulted and battered Stephen Leal.  It is further alleged that these

17 violations and torts committed by the individual defendants were committed as a result

18 of San Jose Police Department and Santa Clara Department of Corrections policies

19 and customs, and a failure to train or their  employee and agents.

20       3.      The claims arose in this district, and venue in this court is therefore

21 proper.

22

23

*Parties*

24       4.      Plaintiff Stephen C. Leal is a citizen of the United States and the State of

25 California, County of Los Angeles.

26       5.      During all times mentioned herein, the defendants, Officer K. Siegel,

27 Officer Zompolis (#1635) (Doe 1 is hereby identified as Officer Zompolis), Officer Duran

28 (#2520) (Doe 2 is hereby identified as Officer Duran), Officer Villagomez (#2632)  (Doe

**First Amended Complaint**

1 3 is hereby identified as Officer Villagomez), Sgt. D. Woods (#1804) (Doe 4 is hereby

2 identified as Sgt. D. Woods) and DOES 5-10, were duly appointed and acting officers of

3 the San Jose Police Department and/or the City of San Jose and/or the Santa Clara

4 Department of Corrections, acting under color of law, to wit, under color of the statutes,

5 ordinances regulations, policies, customs, and usages of the State of California, the

6 City of San Jose and/or the San Jose Police Department.

7       6.    The City of San Jose, California, is a municipal corporation, incorporated

8 under the laws of the State of California and having its principal place of business in the

9 State of California, and the public employer of said officers.

10       7.    The San Jose Police Department is a department or subdivision of the

11 City of San Jose, California.

12       8.    The Santa Clara Department of Corrections is a department or subdivision

13 of the County of Santa Clara, a political subdivision of the state of California.

14       9.    Plaintiff is ignorant of the true names and capacities of defendants sued

15 herein as DOES 5 through 10, inclusive, and therefore sues these defendants by such

16 fictitious names.  Plaintiff will amend this complaint to allege their true names and

17 capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that

18 each of the fictitiously named defendants is responsible in some manner to plaintiffs as

19 hereinafter alleged, and that plaintiff's damages as herein alleged were proximately

20 caused by their conduct.

21       10.   During all times mentioned herein, the defendants, Does 5 through 10,

22 are believed to be employees with the San Jose Police Department, the Santa Clara

23 Department of Corrections, or other law enforcement agencies, acting under color of

24 law, to wit, under color of the statutes, regulations, policies, customs, and usages of the

25 State of California, the City of San Jose, the San Jose Police Department, and/or the

26 Santa Clara Department of Corrections.

27 / / /

28 / / /

---

**First Amended Complaint**

1

*Factual Allegations*

2    11.    On or about July 22, 2004, Leal  met with clients over a business dinner
3   from  9:30 p.m. - 11:30 p.m.  He had not been drinking alcoholic beverages during the
4   relevant times hereon.

5    12.    While attempting to exit a parking garage in downtown San Jose, being
6   unfamiliar with downtown San Jose area and driving patterns; and seeing no traffic
7   direction signage; Leal mistakenly turned onto Fourth street in the wrong direction.

8    13.    Realizing his error, Leal stopped his vehicle in an attempt to turn back into
9   the correct direction of traffic.

10    14.    On or about July 23, 2004, while Leal was attempting to turn back into the
11   correct direction of traffic, San Jose police officer K. Siegel, and another uniformed
12   officer, pulled behind him and signaled him to stop.

13    15.    Officer Siegel then approached Leal and asked for his license and
14   registration.

15    16.    When Leal was asked if he had been drinking, he replied "No."

16    17.    Officer Siegel then became confrontational.

17    18.    Officer Siegel asked Leal to step out of his car onto the sidewalk and
18   requested Leal to submit to a field sobriety test.

19    19.    Leal declined to submit to the field sobriety test or a breath test and
20   politely requested a blood test instead.

21    20.    Officer Siegel replied, "[S]o, you're refusing to take a test...."

22    21.    Again. Leal insisted that he be given a blood test as he understood the
23   sample tendered could be later tested as evidence.

24    22.    The officers arrested Leal.

25    23.    At the time of Leal's arrest, Officer Siegel misadvised Leal of his right to a
26   blood test.

27    24.    Leal was then transported to intake facility for booking.  He was directed
28   to various locations in the intake facility and cooperated fully in the booking process.

**First Amended Complaint**

He was not handcuffed.  One or more video cameras situated inside the intake facility clearly reflect Leal's cooperation.

25.    At one point, Leal was directed into the lobby area of the intake facility and told to sit down.  He did as he was instructed.  While Leal sat, the defendant officers met together at the booking desk and had a brief discussion.  Afterwards, defendant Siegel and another defendant officer remained at the booking desk.  Two other defendant officers remained nearby.

26.    Leal was told to stand in front of the booking desk and complete and sign paperwork pertaining to his alleged refusal to submit to an alcohol test.  During this time the defendant officers were watching Leal, in a manner which suggested that such conduct was a result and plan of the discussion held between the defendant officers.

27.    Upon reviewing the documents placed before him, Leal stated that he would not sign any documents, which purported to constitute a "refusal" to take any alcohol test.

28.    Upon making that statement, Leal was immediately assaulted by at least three of the individual defendants believed to be Officer Zompolis, Officer Duran, and Villagomez, as follows: One of the defendant officers began approaching Leal from behind, another defendant officer followed.  Again, the officers acted and approached in a manner as if this were part of a prior plan or scheme to use physical force on Leal. As they were approaching, Officer Zompolis, who was behind the booking desk, grabbed Leal's right hand or wrist and forcefully pulled him, such that a portion of Leal's body was stretched over a desk or counter.  Then Officers Duran and Villagomez who had already been approaching from behind each grabbed an arm, hyper-extending both hands and elbows above and behind his back, forcing Leal's face down onto the counter top in front of him and then onto the floor.

29.    At no time did Leal resist the efforts or instructions of the police officers.

30.    Both officers shouted for Leal not to resist, to which Leal clearly responded several times, "I am not resisting."

1   31.   Each officer continued to apply additional pressure to his joints, causing
2   Leal pain and injury.

3   32.   The officers applied such intense pressure to Leal's wrist, arms and
4   shoulders, that Leal's legs involuntarily buckled and he suffered a lapse of bladder
5   control, urinating in his pants.

6   33.   The entire time this was occurring Officer Siegel was present and within
7   arms reach of Leal and the officers.  He had the ability to intercede but he neither did,
8   nor said, nothing to stop the assault.  During the assault Officer Siegal stood at ease,
9   and, in a relaxed manner, he picked up some papers from the booking desk, as if
10   nothing was happening.

11   34.   The officers then yelled for Leal to get off of the floor and they placed his
12   hands behind his back and applied handcuffs with such force that his circulation was
13   cut off in both hands.

14   35.   Leal immediately informed the officers that the circulation was being cut
15   off and asked if they could please loosen the handcuffs to allow him to regain
16   circulation in his hands.  The officers responded, "No."

17   36.   A waist chain was then applied to Leal's waist.  It was applied with such
18   force that it also restricted Leal's circulation and caused bruises on both sides of his
19   waist.

20   37.   Leal had at no time physically resisted or assaulted the defendants in any
21   way, and the force used against him was unnecessary, unreasonable and excessive.

22   38.   At no time during the events described above, was the plaintiff intoxicated,
23   incapacitated, a threat to the safety of himself or others, or disorderly.

24   39.   Leal was then taken to the holding area immediately adjacent to the
25   booking desk and chained to a chair with his hands by his side.

26   40.   At no time was Leal approached in response to his request for a blood
27   test.

28   40.   For hours, Leal repeatedly attempted to get an officer's attention in an

**First Amended Complaint**

1  attempt to have the handcuffs loosened so as to restore circulation to his hands.  Leal
2  also requested to use the restroom.

3      41.    At no time was Leal attended to by the staff, including the attending nurse.

4      42.    At approximately 4:00 a.m., Leal was finally permitted to use the restroom
5  and was thereafter immediately placed in a holding cell without restraints.

6      43.    At approximately 6:00 a.m., Leal was moved to another cell, and in the
7  process was given a TB shot by the attending nurse.

8      44.    Leal was then transported to Elmwood County jail where he was later
9  bailed out at 11:05 a.m.

10     45.    Defendant Siegel failed to include the details of any assault on Leal in his
11 police report.  Defendant Zompolis wrote in a Non-Compliance Restraint Form which
12 set forth false statements regarding the assault and was made for the purpose of
13 covering up any wrongdoing on the part of the defendant officers.

14     46.    Defendant Woods wrote falsely in a Non-Compliance Restraint Form that
15 he had interviewed Leal and that Leal had stated he wasn't ready to give the pen back
16 and that he had no injuries.  Again, this false statement was for the purpose of covering
17 up the wrongdoing on the part of the defendant officers.

18     47.    Leal has since received treatment for the injuries sustained in the assault
19 and has been diagnosed with nerve damage.  He still has limited motion and use of
20 parts of his body.

21     48.    Complaints of the incident were reported to the San Jose Police
22 Department, the City of San Jose,  as well as the Santa Clara County Department of
23 Corrections.

24     49.    Stephen Leal has since exhausted his administrative remedies by filing
25 claims with the Santa Clara County Department of Corrections, the San Jose Police
26 Department,  and the City of San Jose.

27     50.    As a direct and proximate result of the acts of the individual defendants,
28 the plaintiff Stephen C. Leal suffered the following injuries and damages:

a.   Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United states Constitution to be free from an unreasonable seizure of his person and property;

b.   Loss of his physical liberty;

c.   Attorney's fees and bond costs;

d.   Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

51.   The actions of the individual defendants violated the following clearly established and well settled federal Constitutional rights of Stephen C. Leal:

a.   Freedom from unreasonable seizure of his person and property; and,

b.   Freedom from the use of excessive, unreasonable and unjustified force against his person.

52.   The conduct of these defendants was reckless and demonstrated a callous indifference to the federally protected rights of plaintiff entitling plaintiff to recover punitive damages against them individually.

## Count One

### *42 U.S.C. § 1983 Against the Individual Defendants*

53.   Paragraphs 1 through 52 are incorporated herein by reference as though fully set forth.

54.   Stephen Leal claims damages for injuries set forth above under 42 U.S.C. § 1983 against each of the individual defendants and Does 5-10  for violation of his constitutional rights under color of law.

## Count Two

### *Assault and Battery Against the Individual Defendants*

55.   Paragraphs 1 through 54 are incorporated herein by reference as though fully set forth.

56.   Each of the individual defendants and Does 5-10 assaulted and battered

1  Stephen Leal.

2      57.   As a result of this assault and battery, the plaintiff was damaged as

3  aforesaid.

4                                  **Count Three**

5           *False Arrest and Imprisonment Against the Individual Defendants*

6      58.   Paragraphs 1 through 57 are incorporated herein by reference as though

7  fully set forth.

8      59.   The illegal and unwarranted acts of each of the individual defendants and

9  Does 5-10 caused the plaintiff to be illegally arrested and illegally imprisoned.

10     60.   As a result of this false arrest and imprisonment, the plaintiff was

11  damaged as aforesaid.

12

13                                  **Count Four**

14              *42 U.S.C. § 1983 Against the City of San Jose*

15     61.   Paragraphs 1 through 60 are incorporated herein by reference as though

16  fully set forth.

17     62.   Prior to July 22, 2004 the City of San Jose developed and maintained

18  policies or customs exhibiting deliberate indifference to the constitutional rights or

19  persons in San Jose, California which caused the violation of Leal's rights.

20     63.   It was the policy and/or custom of the City of San Jose to inadequately

21  and improperly investigate citizen complaints of police misconduct, and acts of

22  misconduct were instead tolerated by the City of San Jose.

23     64.   It was the policy and/or custom of the City of San Jose to inadequately

24  supervise and train its police officers, including the defendant officers, thereby failing to

25  adequately discourage further constitutional violations on the part of its police officers.

26  The City of San Jose did not require appropriate in-service training or retraining of

27  officers who were known to have engaged in misconduct.

28     65.   As a result of the above described policies and customs, police officers of

                              **First Amended Complaint**

1 | the City of San Jose, including the defendant officers, believed that their actions would
2 | not be properly monitored by supervisory officers and that misconduct would not be
3 | investigated or sanctioned, but would be tolerated.

4 | 66.    The above described policies and customs demonstrated and deliberate
5 | indifference on the part of the policymakers of the City of San Jose to the constitutional
6 | rights of persons coming in contact with policemen in the City's employ, and were the
7 | cause of the violations of Stephen Leal's rights alleged herein.

8 |

9 | **Count Five**

10 | *42 U.S.C. § 1983 Against the County of Santa Clara*

11 | 67.    Paragraphs 1 through 66 are incorporated herein by reference as though
12 | fully set forth.

13 | 68.    Prior to July 22, 2004 the County of Santa Clara developed and
14 | maintained policies or customs exhibiting deliberate indifference to the constitutional
15 | rights or persons in San Jose, California which caused the violation of Leal's rights.

16 | 69.    It was the policy and/or custom of the County of Santa Clara  to
17 | inadequately and improperly investigate citizen complaints of misconduct, and acts of
18 | misconduct were instead tolerated by the County of Santa Clara .

19 | 70.    It was the policy and/or custom of the County of Santa Clara to
20 | inadequately supervise and train its law enforcement and/or correctional officers,
21 | including the defendant officers, thereby failing to adequately discourage further
22 | constitutional violations on the part of its police officers.  The County of Santa Clara  did
23 | not require appropriate in-service training or retraining of officers who were known to
24 | have engaged in misconduct.

25 | 71.    As a result of the above described policies and customs, law enforcement
26 | and/or correctional officers of the County of Santa Clara , including the defendant
27 | officers, believed that their actions would not be properly monitored by supervisory
28 | officers and that misconduct would not be investigated or sanctioned, but would be

1    tolerated.

2          72.    The above described policies and customs demonstrated and deliberate

3    indifference on the part of the policymakers of the County of Santa Clara to the

4    constitutional rights of persons coming in contact with policemen in the County's

5    employ, and were the cause of the violations of Stephen Leal's rights alleged herein.

6

7                                    *Prayer for Relief*

8          Wherefore, the plaintiff requests that this court:

9          73.    Award compensatory damages to the plaintiff against the individual

10   defendants, the City of San Jose, and the County of Santa Clara jointly and severally;

11         74.    Award punitive damages to the plaintiff against the individual defendants;

12         75.    Award costs of this action to the plaintiff;

13         76.    Award reasonable attorney's fees and costs to the plaintiff on Counts One

14   and Five of the Complaint;

15         77.    Award such other and further relief to the plaintiff which this court deems

16   appropriate.

17   / / /

18   / / /

19

20

21

22

23

24

25

26

27

28

---

**First Amended Complaint**

1

2                              DEMAND FOR JURY TRIAL

3              Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

4     Rules of Civil Procedure.

5
      Dated:  April 24, 2006                  LAW OFFICES OF SEAN G. ERENSTOFT
6

7

8     _____
                                              Sean G. Erenstoft, Esq.
9                                             Attorney for Plaintiff,
                                              STEPHEN LEAL
10

11
      Dated:  April 24, 2006                  LAW OFFICE OF LOUIS P. DELL
12

13

14
      _____
15                                            Louis P. Dell, Esq.
                                              Attorney for Plaintiff,
16                                            STEPHEN LEAL

17

18

19

20

21

22

23

24

25

26

27

28

      _____

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11150 West Olympic Blvd., Suite 1120, Los Angeles, CA 90064.

On April 25, 2006, I served the documents described as:

# STIPULATION AND ORDER GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Clifford Greenberg<br>Office of the City Attorney<br>200 East Santa Clara Street<br>San Jose, CA 95113 | Michael Rossi<br>Office of the County Counsel<br>70 West Hedding Street, 9th Fl.<br>San Jose, CA 95110 |
| Sean G. Erenstoft<br>Law Offices of Sean G. Erenstoft<br>12100 Wilshire Blvd., Suite 1100<br>Los Angeles, CA 90025 | |

  X   BY MAIL:

    X   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  The correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

      I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Burbank, California 91502.

    BY OVERNIGHT DELIVERY:

      I caused the envelope to be delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

  X  (FEDERAL) I declare under penalty of perjury that the foregoing is true and correct, and that I am a member of the bar of this court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 25, 2006, at Los Angeles, CA.

_____
Louis P. Dell, Esq.

**Proof of Service**