United States District Court
For the Northern District of California

1

2

3                                                    *E-filed 8/8/06*

4

5

6

7                 IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11   STEPHEN LEAL,                          Case No. C05-00959 JW

12          Plaintiff,                       **ORDER GRANTING
                                             DEFENDANTS' MOTION TO
13                                           COMPEL PLAINTIFF'S
     v.                                      PHYSICAL EXAMINATION**
14
     OFFICER K. SIEGEL, et al.,
15
                                             Re: Docket No. 37
16          Defendants.
                                                        /
17

18          Plaintiff Stephen Leal brings this excessive force civil rights action against the City

19   of San Jose, the County of Santa Clara, and various law enforcement and correctional officers.

20   He claims that he was assaulted by several defendant officers, and, as a result, sustained

21   personal injuries including nerve damage.

22          On July 14, 2006, defense counsel sought a stipulation for an independent medical

23   examination.  The defense had scheduled an examination for August 18, 2006, to be conducted

24   by Dr. Peter Cassini, Deputy Chief for the Department of Neurology at Stanford University

25   Medical Center.  Plaintiff refused to attend.  The Santa Clara County defendants move to

26   compel the examination.  Plaintiff objects on several grounds: (1) failure to provide adequate

27   notice of the nature and extent of the proposed exam, (2) inconvenient location, (3) travel costs,

28   and (4) work conflicts.

United States District Court
For the Northern District of California

Federal Rule of Civil Procedure 35 provides:

> When the mental or physical condition... of a party... is in
> controversy, the court in which the action is pending may
> order the party to submit to a physical or mental examination
> by a suitably licensed or certified examiner...  The order may
> be made only on motion for good cause shown and upon
> notice to the person to be examined and to all parties and shall
> specify the time, place, manner, conditions, and scope of the
> examination, and the person or persons by whom it is to be made.

Plaintiff does not dispute that his physical condition is in controversy or that there is good cause, but argues that defendants have not adequately described what will occur at the exam.  The court is satisfied that defendants have sufficiently described the scope of the examination.[1]  It would be impossible to specify in advance exactly what will occur at such an exam.  *See* Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 609 (C.D.Cal. 1995) ("It would serve no purpose to require [the doctor] to select, and disclose, the specific tests to be administered in advance of the examination").  Dr. Cassini will presumably use his professional discretion in a reasonable and humane fashion.  The court ORDERS plaintiff to submit to a complete physical examination of the neck, upper spine, shoulders, upper extremities, waist, low back, and all upper body areas that may contribute to symptoms about which plaintiff complains in his shoulder, arms, hands, low back and waist.  The examination will also include a complete medical history, including the factual circumstances of his injury, post and present physical complaints, medical treatment, limitation, and relevant or related past medical or work history.  In addition, Dr. Cassini may request x-rays or similar diagnostic tests that are

---

[1]     Defendants state in their Memorandum of Points and Authorities that the exam will consist of "a complete physical examination of plaintiff's neck, upper spine, shoulders, upper extremities, waist, low back, and all upper body areas that may contribute to symptoms about which plaintiff complains in his shoulder, arms, hands, low back and waist.  The examination will also include a complete medical history, including the factual circumstances of his injury, post and present physical complaints, medical treatment, limitation, and relevant or related past medical or work history.  In addition, Dr. Cassini might request x-rays or similar diagnostic tests.  The examination is not anticipated to take more than four hours, but it is requested that the examination be Ordered to continue so long as reasonably required."

**United States District Court**
For the Northern District of California

1    ordinarily deemed part of a general neurological exam.

2         Defendants seek to conduct the exam in Palo Alto, despite plaintiff's residence in

3    Los Angeles.  The general rule is that a plaintiff must submit to an examination in the venue

4    where the action is filed.  *See* <u>Blount v. Wake Elec. Membership Corp.</u>, 162 F.R.D. 102, 107

5    (E.D.N.C. 1993).  Plaintiff argues that he did not choose this venue, but rather was forced to

6    bring his action here because the "attack" on him occurred here.  He cites no authority,

7    however, that this distinction affects the general rule.  He also argues that it is intimidating and

8    humiliating to require him to travel, at his own expense, to the location where he was attacked.

9    Barring exceptional circumstances, a plaintiff must bear his own expenses when obligated to

10   submit to an examination in the district where he has filed suit.  *See* 7 Moore's Federal Practice,

11   § 35.09 (Matthew Bender 3d ed.); <u>McCloskey v. United Parcel Service General Servs. Co.</u>, 171

12   F.R.D. 268, 270 (D. Or. 1997).  No exceptional circumstances exist.  The court ORDERS

13   plaintiff to submit to the physical examination as it was noticed by defendants: in Dr. Cassini's

14   office in Palo Alto.  Plaintiff will pay his own travel expenses.

15        Finally, plaintiff states that he is unavailable on August 18 because of prior work

16   plans, but he could be available August 29 or 30.  It is unfortunate that the examination is slated

17   to take place on the same day that plaintiff has important work commitments, but the court is

18   unwilling to assume that Dr. Cassini's schedule has another opening before the discovery cut-off

19   at the end of August.  If the parties and the examining doctor can agree on a more convenient

20   day, all the better, but if not, the court ORDERS plaintiff to submit to the physical examination

21   on the noticed day, August 18, 2006.

22

23        **IT IS SO ORDERED.**

24

25   Dated: 8/8/06                        /s/  Howard R. Lloyd

26                                  HOWARD R. LLOYD
                                    UNITED STATES MAGISTRATE JUDGE

27

28

**United States District Court**
For the Northern District of California

1   THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY
2   MAILED TO:

3   Louis Patrick Dell louis.p.dell@att.net

4   Sean Erenstoft sean@erenstoft.com, push4ward@aol.com

5   Nora Valerie Frimann cao.main@sanjoseca.gov, Brande.Gex@sanjoseca.gov

6
7   Clifford S. Greenberg cao.main@ci.sj.ca.us

8   Lisa Herrick lisa.herrick@cco.sccgov.org

9   Michael L. Rossi michael.rossi@cco.co.scl.ca.us,

10  John L. Winchester , III john.winchester@cco.sccgov.org

11
12  **Counsel are responsible for transmitting this order to co-counsel who have not signed up
    for e-filing.**

13

14  Dated:    8/8/06                        /s/  JMM
15                                Chambers of Magistrate Judge Howard R. Lloyd

16

17

18

19

20

21

22

23

24

25

26

27

28

4