**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Stephen C. Leal,<br><br>        Plaintiff,<br><br>  v.<br><br>Officer Siegel, et al.,<br><br>        Defendants.<br>_____/ | No. C 05-00959 JW<br><br>**PRELIMINARY PRETRIAL CONFERENCE SCHEDULING ORDER - (JURY)** |

**CASE SCHEDULE**

| **Final Pretrial Conference at 3 p.m.  (¶4 )** | **February 26, 2007** |
|---|---|
| **Joint Pretrial Conference Statement and** *In Limine* **Motions Due** *(30 days before Pretrial Conference)* | **January 26, 2007** |
| **Jury Trial Date**[1] | **March 13, 2007** |

**Meet and Confer Requirement**

1.       No later than 40 days prior to the Final Pretrial Conference,  the parties shall meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of

---

[1] **Jury trials are held in afternoon sessions from 1:00pm to 4:00pm, Tuesdays through Fridays unless the Court otherwise specifies. At the Final Pretrial Conference, the Court reserves the right to fold the last few afternoon sessions into morning sessions (9:00am - 12:00pm) thus creating full days for trial.  The final trial schedule will be confirmed at the Final Pretrial Conference.**

witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief.  Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

### Objections and Lodging Disputed Material with the Court

2. If a party objects to receipt into evidence of a witness, exhibits or discovery response, the party shall advise all opposing parties during the conference described in Paragraph 1, and attempt to resolve the dispute.  If the parties are unsuccessful in resolving the dispute, any party wishing to object to receipt of the testimony of any witness, any exhibit or discovery response into evidence shall lodge with Chambers a copy of the disputed material at the commencement of trial.  Attached to the submission shall be a brief statement of the objection and any response by the proffering party.  The Court will indicate on the submitted copy whether the objection is overruled or sustained and return the material to counsel.

### Lodging Joint Pretrial Conference Statement and *In Limine* Motions

3. Pursuant to the date set forth in the Case Schedule, the parties shall file and lodge with Chambers the following:

    a. Joint Pretrial Conference Statement: The parties shall file a joint pretrial statement which shall contain the following information:  (1) a brief description of the substance of claims and defenses which remain to be decided; (2) a detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages; (3) a plain and concise statement of all relevant facts not reasonably disputable, as well as which facts the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits; (4) a plain and concise statement of all disputed factual issues which remain to be decided; (5) a statement assessing whether all or part of the action may be presented upon an agreed statement of facts; (6) a

2

statement of stipulations requested or proposed for pretrial or trial purposes; (7) without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions; (8) a list of all witnesses likely to be called at trial; (9) a list of evidence the parties intend to present at trial through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission; and (10) any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

<u>Counsel are directed to meet and confer in advance of the date for submission of pretrial material with respect to the pretrial conference statement</u>.

b.       *In Limine* Motions:  Any *In limine* motions shall be filed in writing and submitted along with the Joint Final Pretrial Conference Statement.  Any opposition shall be filed in writing and served no later than 10 days before the Final Pretrial Conference.  These motions will be deemed submitted without oral argument, unless the Court orders otherwise.

## Final Pretrial Conference

4.       The Court will conduct a Final Pretrial Conference on the date set forth in the <u>Case Schedule</u>.  The trial attorneys must attend the conference.  At the final pretrial conference the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

## Lodging Witness Lists,  Exhibit Lists and Proposed Jury Instructions

5.       At the Final Pretrial Conference, the parties shall lodge with Chambers the joint list of  witnesses, and a joint list of exhibits. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

6. To accommodate consideration of electronic exhibits, as the trial progresses, the parties will load images of the admitted exhibits onto a stand alone hard drive or CD or DVD in "pdf" format. The parties shall ensure that, apart from whatever technical material is necessary to operate the system, the CD, DVD or hard drive contains only the items specified in this order and nothing else. The images will be placed in a folder labeled "Admitted Exhibits" that shall contain all trial exhibits received into evidence. In addition to the exhibits, themselves, the folder shall contain a file labeled "List of Admitted Exhibits by Exhibit Number." The "List" shall list in numerical order by Trial Exhibit Number, each admitted exhibit, along with the date of the document (where available), and a brief description of the exhibit. To the extend practicable, the "List" shall be text searchable and hyperlinked to the Exhibits, themselves. The folder shall contain a second filed labeled "List of Admitted Exhibits by Date." This second "List" shall contain the same information, except that the exhibits will be listed in chronological order, according to the date the document was prepared. The external stand alone hard drive or CD or DVD and a printed copy of the exhibit lists will be marked as exhibits and placed in evidence as demonstrative exhibits.

6. Before the case is submitted for decision, each party will be deemed to have had an opportunity to review the material described in the previous paragraph to ensure their accuracy. Unless a party objects before the case is submitted for decision to the judge or jury, the party will be deemed to have waived any and all objections to the submitted materials.

7. To accommodate review of electronic exhibits, the parties will jointly provide the jury with the following equipment: a laptop computer, the external stand alone hard drive, CD or DVD, a printer (and, if practicable, an LCD projector).

8. During its closing instructions, the Court will advise the jury of the form in which exhibits will be submitted to them. The jury will also be instructed that, unless impracticable, upon a juror's written request, a printed copy of any exhibit received in evidence will be provided to the jury. Before the jury retires to deliberate, the parties will provide a tutorial to the jurors on how to operate the equipment, how to view the exhibits, and how to print the exhibits if the jury

4

1  wishes to do so.  A written set of instructions on operations of the equipment will be sent into the
2  jury room.

3       9.     When the jury is deliberating, at least one lawyer for each side shall remain in close
4  proximity to the courtroom.  In the event of any technical problem, or if the jurors have questions
5  about how to operate the equipment, the jurors shall pass a note to the clerk, just as with any other
6  questions they may have.  The Court will read the note to the lawyers.  Those lawyers shall
7  consult with each other and with their respective technicians, and propose to the Court how they
8  wish to address the technical problem.

9       10.    The parties shall maintain a backup laptop computer and a backup hard drive with
10 identical images and data at the courthouse such that, in the event of a technical problem that
11 cannot be quickly and easily remedied, the equipment can be replaced.

12      11.    Unless the Court orders otherwise for good cause shown, the expense of the
13 equipment and the costs of preparation of the Lists and Exhibits will be shared equally among the
14 parties.

15      12.    This Standing Order also applies to cases tried to the Court sitting without a jury,
16 except that paragraphs 8-11 do not apply.

17      13.    The parties are ordered to meet and confer in advance of trial to establish a
18 procedure for complying with this Order with respect to electronic exhibits.

19      14.    Upon request, in non-complex cases the Court will excuse the parties from using
20 electronic formatted documents.  In that event on the first day of trial, the parties shall submit
21 exhibits as follows:

22      a. A copy for the trial judge;

23      b. A copy for the witness stand.  Although the Court's copy of exhibits shall be in a
24      single binder, the Court prefers the parties to prepare a binder for each witness, which
25      contains only those documents pertinent to that witness.

5

c. No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

### Jury Trial Schedule

The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side. Co-parties are ordered to meet, confer and agree to an allocation among themselves. A party may spend its allocated time presenting its own case or on cross-examination of witnesses called by other parties or for presentation of a counterclaim. When a party's allocated time period has expired, unless otherwise ordered for good cause shown, no further time will be allowed to that party if it would interfere with the ability of the opposing party to present its case.

### Trial Procedure

15. In opening statements, counsel shall not express personal knowledge or opinion concerning any matter in issue.

16. Counsel must question witnesses from the podium, using the microphone. Without requesting permission, counsel may approach witnesses for any proper purposes.

17. Address all remarks to the Court, not to opposing counsel.

18. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

19. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

20. <u>Counsel must stand when making an objection.</u>

21. Conferences at the bench or sidebar are not favored by the Court. Any sidebar conferences which are allowed will be off the record. If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

22. Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

23. Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying. When a witness has completed his or her testimony, the witness is excused unless counsel indicates that he or she wishes the witness to remain subject to being recalled. Any witness who has been excused from further testimony may remain as a spectator. It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

24. Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

25. Witness examination shall consist of direct examination, cross-examination and re-direct examination. No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination. When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses. If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined. Counsel who will conduct the cross-examination should object while the witness is on direct.

26. After the commencement of trial testimony, upon request of co-parties, any objection, motion or other application for relief made by any co-party, orally or in writing, shall be deemed to be adopted and joined in by every other co-party, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each party unless otherwise stated at the time the ruling is made. Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be

7

1 heard only for the purpose of expressly opting out of an objection or motion if that is his or her
2 position.

3     27.    Counsel are directed to deliver to opposing counsel at the end of each trial day (if
4 not earlier) a list of witnesses counsel anticipates calling the next trial day.

5     28.    Counsel calling a non-client witness to testify should have no further discussions
6 with that witness concerning the case or any aspect of his or her testimony after the witness has
7 been tendered for cross-examination and until such time as the witness has been tendered back for
8 redirect examination. At all other times, within the bounds of governing ethics and the law,
9 counsel may engage in discussions with witnesses during trial.

10     29.    Any time taken away from presentation of evidence to the trier of fact due to, for
11 example, lengthy legal motions made during the time allocated to the presentation of evidence, or
12 delays in the commencement of proceedings due to circumstances within the control of counsel,
13 will be deducted from the time allocated for the presentation of evidence. Upon timely application
14 based upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

15     30.    It is the practice of the Court periodically to inform counsel of the Court's record
16 of how much time each side has remaining for the presentation of evidence based upon the
17 stipulated trial schedule.

### Daily Trial Transcript

19     31.    Any counsel desiring daily or expedited transcripts during trial should make
20 immediate arrangements with the court reporter and should inform the Court and other counsel of
21 such intentions.

24 Dated: November 27, 2006

JAMES WARE
United States District Judge

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Clifford S. Greenberg cao.main@ci.sj.ca.us
John L. Winchester john.winchester@cco.sccgov.org
Lisa Herrick cao.main@sanjoseca.gov
Louis Patrick Dell louis.p.dell@att.net
Michael L. Rossi michael.rossi@cco.co.scl.ca.us
Nora Valerie Frimann cao.main@sanjoseca.gov
Sean Erenstoft sean@erenstoft.com


**Dated:  November 27, 2006**                                          **Richard W. Wieking, Clerk**


                                                                                  **By:   /s/ JW Chambers**
                                                                                           **Elizabeth Garcia**
                                                                                           **Courtroom Deputy**